UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH M. GREENFIELD,

    Plaintiff,

    v.

CITIBANK (SOUTH DAKOTA), N.A., et al.,

    Defendants.
_____/

No. C 09-2411 PJH

**ORDER GRANTING MOTION TO DISMISS**

Defendants' motion to dismiss the complaint in the above-entitled action for failure to state a claim came on for hearing before this court on October 28, 2009. Plaintiff Joseph M. Greenfield ("Greenfield") did not appear. Defendants appeared by their counsel Eric Hwang. Having read the parties' papers and carefully considered their arguments, and good cause appearing, the court hereby GRANTS the motion.

## BACKGROUND

This is a case alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq. Greenfield alleges that defendants Citibank (South Dakota), N.A. ("Citibank") and Citicorp Credit Services, Inc. (USA) (collectively, "defendants") reported inaccurate information about him to credit reporting agencies – specifically, that he had "established a revolving credit card account in 2002, in the amount of $7,130.00." Cplt ¶¶ 6-7.

Greenfield asserts that he discovered this inaccurate information "around 2005, 2006" and that he disputed the inaccuracy to the credit reporting agencies, and "demanded that the adverse information be investigated and/or deleted from" his credit report. Cplt ¶ 8. He claims that defendants refused to delete the inaccurate information, asserting that

it was correct; and that the consumer reporting agencies (Experian, TransUnion, and Equifax) also investigated, but that the information remained on his credit report because "[d]efendants claimed that the information was accurate." Cplt ¶ 8,

Greenfield alleges further that by 2008, the delinquent amount owing on the account had risen to $22,276.00. Cplt ¶ 9. Greenfield asserts that in 2008, he filed a complaint with the Comptroller of the Currency, and that it was only after he had filed that complaint that the incorrect information was deleted from his credit report. Cplt ¶ 10. Greenfield demanded $1,000 for each year the negative information had remained on his credit report, but his claim was denied. Cplt ¶ 10.

Greenfield filed the present action on June 1, 2009, asserting three causes of action: (1) a claim under FCRA § 615(a), 15 U.S.C. § 1681m(a); (2) a claim under FCRA § 623(a)(5), 15 U.S.C. § 1681s-2(a)(5); and (3) a claim under FCRA § 623(b)(1), 15 U.S.C. § 1681s-2(b)(1).

Defendants now seek an order dismissing the complaint.

**DISCUSSION**

A.   Legal Standard

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Specific facts are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). All allegations of material fact are taken as true. Id. at 94. However, a plaintiff's obligation to provide the

grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic, 550 U.S. at 555 (citations and quotations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face.  See id. at 558-59.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (9th Cir. 2009).

B.  Defendants' Motion

Defendants argue that the complaint should be dismissed for failure to state a claim because all three causes of action are time-barred, and because there is no private right of action for the claims asserted under the first and second causes of action.

First, defendants contend that the entire complaint is time-barred.  The statute of limitations for FCRA claims is two years from the date the plaintiff discovers the alleged violation.  15 U.S.C. § 1681p.  Here, Greenfield asserts that he discovered the inaccuracy "around 2005, 2006."  The present action was filed in June 2009, which is at least three years after the discovery of the alleged violation.

In his opposition, Greenfield does not dispute that the entire complaint is time-barred.  Nor does he identify any factual allegations in his complaint from which the court can conclude that the statute of limitations should be tolled.  Accordingly, the court finds that the motion must be GRANTED.

Defendants also assert that the first and second causes of action fail because there is no private right of action under either § 1681m(a) or § 1681s-2.  Greenfield does not respond to this argument.

The Fair and Accurate Credit Transaction Act (FACTA), which was enacted in 2003, amended FCRA to eliminate private enforcement of FCRA violations under 15 U.S.C. § 1681m(a).  See 15 U.S.C. § 1681m(h)(8); see also Putkowski v. Irwin Home Equity

Corp., 423 F.Supp.2d 1053, 1060-61 (N.D. Cal. 2006).  Similarly, there is no private right to enforce 15 U.S.C. § 1681s-2.  See 15 U.S.C. § 1681s-2(c); Marshall v. Swift River Academy, LLC, 327 Fed. Appx. 13, 2009 WL 1112768 at *14-15 (9th Cir., Apr. 27, 2009).

### CONCLUSION

In accordance with the foregoing, the court finds that defendants' motion must be GRANTED.  Because the court finds that amendment would be futile, the dismissal is WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: October 28, 2009

PHYLLIS J. HAMILTON
United States District Judge